IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANNY PARAYNO MALBOG,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY (SUBSTITUTED FOR ANDREW SAUL PURSUANT TO FRCP 25(D));<br><br>　　　　　Defendant. | CIV. NO. 20-00500 JAO-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR 406(B) FEES |

**FINDINGS AND RECOMMENDATION TO
GRANT PETITION FOR 406(B) FEES**

Before the Court is the Plaintiff Danny Parayno Malbog's ("Plaintiff") counsel's ("Counsel") *Petition for 406(b) Fees* ("Fee Motion") filed on April 17, 2023. ECF No. 23. Counsel initially requested $36,929.05 in attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), but after receiving updated information, later acknowledged that the reasonable amount of attorney fees should be $17,643.50. ECF No. 23 at PageID.739; ECF No. 26 at PageID.786. Counsel claims that she was awarded $8,000.00 in Equal Access to Justice Act Fees ("EAJA"), which will offset the $17,643.50 requested.

The Court elects to decide the *Fee Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful consideration of the *Fee Motion*, the parties' submissions, the record in this case and applicable law, the Court **FINDS** and **RECOMMENDS** that the *Fee Motion* be **GRANTED** in the amount of **$17,643.50**.

## BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act on April 24, 2017. ECF No. 1 at PageID.2. Plaintiff claimed that Plaintiff had been disabled since January 1, 2017. *Id*. Plaintiff's application was denied on or about September 15, 2017, and Plaintiff's request for reconsideration was denied on or about March 7, 2018. *Id*. On or about May 9, 2018, Plaintiff requested an administrative law hearing, which was held on February 5, 2020. *Id*. at 2-3. On February 21, 2020, the Administrative Law Judge ("ALJ") denied the application. *Id*. at 3. Plaintiff timely requested the Appeals Council to review of the ALJ's decision. *Id*. On September 18, 2020, the Appeals Counsel denied Plaintiff's request and adopted the ALJ's decision as the final decision of the Commissioner in Plaintiff's case. *Id*.

On January 8, 2020, Plaintiff and Counsel entered into a contingency fee agreement pursuant to 42 U.S.C. § 406(a)(2) and agreed that counsel's fee would

be 25% of past-due benefits if Plaintiff were to receive a favorable outcome. ECF No. 23-3 at PageID.758.

Counsel filed this civil action on behalf of Plaintiff on November 20, 2020. ECF No. 1. Plaintiff filed its *Opening Brief* on June 28, 2021. ECF No. 14. On August 2, 2021, Defendant filed its *Answering Brief*. ECF No. 15. Oral arguments were heard on September 10, 2021 (ECF No. 18), and on October 12, 2021, the district judge entered its *Order Reversing Decision of Commission of Social Security and Remanding for Further Proceedings* (ECF No. 19). The district judge remanded Plaintiff's claim for further proceedings.

On August 24, 2022, an administrative hearing was held and the ALJ determined that additional medical examination was required post hearing. ECF No. 23 at PageID.741. The parties submitted written responses, which obviated the need for a supplemental hearing. *Id*. On February 13, 2023, Plaintiff received a favorable decision which granted Plaintiff's 2017 application for disability benefits. *Id*.

Counsel states she received Plaintiff's *Notice of Award* on April 11, 2023 and that the *Notice of Award* stated that Plaintiff is entitled to retroactive benefits, which Counsel calculated the total to be $147,716.20. *Id.* at 742; ECF No. 23-5 at PageID.765. Counsel had attempted to confirm with the Social Security Administration Western Program Service Center that $36,929.05 correctly

3

represents 25% of Plaintiff's $147,716.20 backpay.  ECF No. 23 at PageID.742.  Despite repeated attempts, Counsel did not receive any response from the Center.  *Id.*

On April 17, 2023, Counsel filed the instant *Fee Motion* requesting $36,929.05 in attorney fees.  ECF. No. 23.  Counsel had previously filed for EAJA fees and was awarded $8,000.00 for Plaintiff.  *Id*. at 742.  Counsel acknowledges that "fees payable through 42 U.S.C. § 406(b) are subject to reduction by the EAJA fees, and Counsel will reimburse Plaintiff the full $8,000.00 of the EAJA award upon receipt of a 406B award."  *Id*.

On May 16, 2023, Defendant filed a *Statement of Non-Opposition to Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)* ("Non-Opposition").  ECF No. 25.  In the *Non-Opposition*, the Defendant states that on May 10, 2023, after Counsel filed the instant *Fee Motion*, the parties received a letter titled *Important Information* from the Social Security Administration indicating that 25% of Plaintiff's past-due benefits totaled $17,643.50.  *Id.* at 773.  The Defendant claims that it "is not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits."  *Id*.  However, the Defendant claims it "has a role 'resembling that of a trustee' for Plaintiff" and thus offers the explanation that although Counsel calculated past-due benefits to be $147,716.20 (and thus 25% of Plaintiff's past-due benefits to be $36,929.05), the

4

*Important Information* letter clarified that 25% of Plaintiff's past-due benefits totaled $17,643.50. *Id*. Accordingly, the Defendant believes that Counsel's calculation of Plaintiff's past-due benefit amount is incorrect and that 25% of Plaintiff's past-due benefits should be $17,643.50 as stated in the *Important Information* letter. *Id*. at 776-777.

On May 30, 2023, Counsel filed an untimely *Reply to Defendant's [Non-Opposition]* ("Reply"), and requested leave to file the *Reply* to update the Court with new information. ECF No. 26 at PageID.785. At the time Counsel filed the original *Fee Motion*, the *Notice of Award* was the only information Counsel had to calculate the total past-due benefit amount and thus, the only information Counsel was able to use to calculate attorney fees. Counsel received the *Important Information* letter after Counsel filed the *Fee Motion*. The *Important Information* letter set forth the exact amount which constitutes 25% of Plaintiff's past-due benefits ($17,643.50), but this figure differed greatly from Counsel's original calculation based off the *Notice of Award* ($36,929.05). In the *Reply*, Counsel acknowledges that the *Important Information* letter states that $17,643.50 is 25% of Plaintiff's past-due benefits and that:

> A 406(b) fee of $17,643.50 remains a reasonable fee pursuant to the Supreme Court finding in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) for all of the reasons provided in the initial motion.

5

*Id.* at 786. The Court has reviewed the *Important Information* letter (ECF No. 25-1 at PageID.782) and the parties' submissions, including the *Reply*. The Court agrees with the parties that 25% of Plaintiff's past-due benefits is $17,643.50 and that this is the correct amount that should be evaluated by the Court for its reasonableness.

## DISCUSSION

The Court is required to determine the reasonableness of the requested fee despite the fact that the Defendant filed a *Non-Opposition* and the parties agree that 25% of Plaintiff's past-due benefits is $17,643.50. "[Section] 406(b) calls for court review of such [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Under Section 406(b),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The court must evaluate the "character of the representation and the results the representative achieved."  *Gisbrecht*, 535 U.S. at 808 (citation omitted).  Similarly, if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."  *Id.*  The court may also reduce fees if, for example, the attorney is responsible for delays such that "the attorney will not profit from the accumulation of benefits during the pendency of the case in court."  *Id.*

I.   **Contingent-Fee Arrangement**

The Court finds that Plaintiff and Counsel executed a document titled *Social Security Fee Agreement* ("Agreement") on January 8, 2020 (ECF No. 23-3 at PageID.758), which provides for a contingency fee agreement.  The *Agreement* states:

> We agree if SSA favorably decides my claim(s) at or below the level of the Administrative Law Judge (ALJ) Hearing, I will pay my Attorney a fee equal to the lesser of 25% of my past due benefits or $6,000.  If my claim is favorably decided after the first ALJ Hearing, my Attorney may submit a petition for fees to the SSA and/or the Federal Court with a copy to me, and I will pay a fee up to 25% of my past due benefits.

*Id*.  The *Agreement* appears to be a valid contract and states that Plaintiff agreed that the attorney fees shall be 25% of all past-due benefits, which falls within the requirements under 42 U.S.C. § 406(b)(1)(A).  Because the ALJ initially denied the application and in order to achieve a favorable ruling, Plaintiff had to file a

civil action in Federal Court, pursuant to the *Agreement*, Plaintiff agreed to pay attorney fees of up to 25% of Plaintiff's past-due benefits. ECF No. 23-3 at PageID.758.

## II. Reasonableness of the Fee Award

There being a valid agreement in place, the Court now turns to whether the fee requested, $17,643.50, is reasonable.

> Factors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases.

*Dulatre v. Astrue*, Civ. No. 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Haw. Jan. 6, 2010) (citing *Gisbrecht*, 535 U.S. at 805, 808). The Court shall consider each factor in turn.

### A. Risk of Loss

Counsel cites a 2012 report by the Social Security Advisory Board stating that only approximately one-third of civil actions on behalf of Social Security disability claimants result in the payment of past-due benefits. ECF No. 23 at PageID.749. Because the *Agreement* only provides for attorney fees when Plaintiff is awarded past-due benefits, there is a significant risk of loss for Counsel. Although the report cited by Counsel is a decade old, the fact remains that an attorney may only collect fees from a plaintiff that receives benefits and may not

collect for services rendered otherwise. *See* 42 U.S.C. § 406(b)(2). Accordingly, the Court finds that Counsel assumed a risk of loss by representing Plaintiff on a contingency basis.

      B.      <u>Character of the Representation and the Result Achieved</u>

As a result of Counsel's representation, Plaintiff obtained from the district judge a reversal of the ALJ's decision and a remand, which resulted in a favorable ALJ decision which granted Plaintiff disability benefits. ECF No. 23 at PageID.741. It is clear from Counsel's timekeeping that Counsel invested considerable time into research, briefing and arguments to achieve these results. *See* ECF No. 23-4. Based on this information and the favorable results achieved, the Court does not find that there is any basis to reduce the fee requested based on the character of Counsel's representation and the results achieved in this case.

      C.      <u>No Delays Attributable to Counsel</u>

The Court does not find that there is any evidence of Counsel causing a delay in this case such that Counsel benefited from the accumulation of benefits during the pendency of the case. *See Gisbrecht*, 535 U.S. at 808. Accordingly, a reduction to the requested fees due to delay is not warranted in this case.

      D.      <u>Hours Expended and Hourly Rate</u>

In *Gisbrecht*, the Supreme Court distinguished fees under § 406(b) versus the lodestar method. *Gisbrecht*, 535 U.S. at 801. "[T]he 'lodestar' figure has, as

its name suggests, become the guiding light of our fee-shifting jurisprudence." *Id.* (citation omitted). However, under 406(b), "fee shift[ing] to the losing party . . . [is] not at issue[.]" *Id.* at 802. "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery" and "does not authorize the prevailing party to recover fees from the losing party." *Id.* Thus, *Gisbrecht* provides that:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (citation omitted). Counsel has provided the number of hours expended on tasks performed in this case for the Court's review. *See* ECF No. 23-4. According to Counsel's timekeeping, a total of 52.7 hours were expended and thus, the hourly rate for the work performed int his case is $334.79 per hour ($17,643.50/52.7 = $334.79). *Id.* The Court finds that this hourly rate falls within the normal range of hourly rates for similar contingency cases. *See e.g.*, *Kava v. Kijakazi*, Civ. No. 20-00385 JAO-WRP, 2022 WL 15525001, at *3 (D. Haw. Oct. 12, 2022) (effective hourly rate of $737.92 for attorney's fees considered reasonable in the context of § 406(b)); *Howser v. Kijakazi*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2992420, at *2 (D. Haw. Mar. 28, 2023), *report and recommendation adopted*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2991112 (D.

Haw. Apr. 18, 2023) (effective hourly rate of $404.46 for attorney's fees considered reasonable in the context of § 406(b)).  Further, Counsel is also highly qualified and has been practicing Social Security Law since 2008.  ECF No. 23-1 at PageID.754-755.  The Court thus finds that based upon the hours expended, hourly rate and counsel's qualifications, there is no basis for any reduction in fees.  Accordingly, the Court finds that Counsel's fee request is reasonable.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that the fees in the amount of $17,643.50 is reasonable and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*.  The Court **RECOMMENDS** that the district court (1) award Counsel $17,643.50 to be paid out of the sums withheld by the SSA, and (2) order Counsel to reimburse Plaintiff $8,000.00 for the EAJA fee previously awarded.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 27, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00500 JAO-RT;  *Danny Parayno Malbog vs. Kilolo Kijakazi, Acting Commissioner of Social Security*;  Findings and Recommendation to Grant Petition for 406(B) Fees